# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TONJIA WINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09-CV-575 JVB |
| | ) |
| CITY OF SOUTH BEND, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Tonjia Wingo, is an African American who worked for Defendant, the City of South Bend, in the Parks and Recreation Department as a Youth Sports Coordinator. He was hired on August 20, 2002, and given an Employee Handbook. The Handbook identified employment policies that each employee had to follow. If employees violated a policy, they earned "violation points." Employees who earned three points within a sixty-day period would be subject to discharge.

Plaintiff earned two violation points on May 26, 2009. Two months later, Plaintiff became the subject of an investigation into whether he sexually harassed a co-worker. Defendant found that he did. It also found that Plaintiff lied during the investigation and failed to surrender his keys after he was asked to do so three times. These new violations caused Plaintiff to accumulate more violation points than he was allowed, so he was terminated. Plaintiff, however, believes his termination was the result of race- and gender-based discrimination, so he sued Defendant.

Both Plaintiff and Defendant moved for summary judgment. (DE 59, Pl.'s Mot. for Summ. J.; DE 76, Def.'s Mot. for Summ. J.) Defendant also moved to sanction Plaintiff, who is not represented by counsel, by an order of default judgment or dismissal. (DE 74, Def.'s Mot. for Sanctions.) For the following reasons, Defendant's motion for summary judgment (DE 76) is GRANTED, Defendant's motion for sanctions (DE 74) is DENIED, and Plaintiff's motion for summary judgment (DE 59) is also DENIED.

**A.     Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.     Facts**

Plaintiff, Tonjia Wingo, is an African American who worked for Defendant, the City of South Bend, in the City's Parks and Recreation Department as the Youth Sports Coordinator for the Martin Luther King Center. (DE 77-1, Aff. of J. Hall, ¶ 2.) He was hired on August 20, 2002, and given an Employee Handbook. (*Id*. ¶ 4.) The Handbook explained that employees who violated employment policies would be issued a specified number of "violation points." (DE 77-13, City of S. Bend Rules & Regulations at 7.) Any employee who accumulated three violation points within a sixty-day period, four points in a six-month period, or six points within a one-year period was subject to discharge. (*Id*.) The Handbook also explained that the violation of some policies could result in immediate discharge, regardless of the number of violation points the employee had accumulated. (*Id*.)

Plaintiff received two Employee Disciplinary Notices during his employment. (DE 77-6, Aff. of M. Scott ¶ 16.) He received the first notice on June 20, 2007, for neglecting normal work

day activities—a minor offense constituting a one-point violation. (*Id*. ¶ 17(a).) He received the second notice two years later, on May 26, 2009, for engaging in conduct unbecoming of a City employee—a major offense constituting a two-point violation. (*Id*. ¶ 17(b).)

On July 6, 2009, the Human Resources Department and Parks and Recreation Department began investigating a sexual harassment complaint against Plaintiff, which was filed by his co-worker, Josephine Merriweather. (*Id*. ¶ 3.) Merriweather alleged that on July 1 and July 2, 2009, Plaintiff made unwelcome sexual advances and grabbed her arm. (DE 77-21, Aff. of J. Merriweather ¶¶ 5–15.) A committee comprised of four employees—an African American man and woman, and a Caucasian man and woman—investigated her allegations. (DE 77-1, Aff. of J. Hall ¶ 19.) The committee interviewed Merriweather and Plaintiff, and allowed them to present evidence. (*Id*. at ¶ 20.) Dana Chism, the Academic Program Director at the MLK Center, corroborated Merriweather's statements. (DE 77-6, Aff. of M. Scott ¶ 7.) Plaintiff presented no evidence other than his own statements. (*Id*. ¶ 6.)

A formal hearing was held the next day. (DE 77-1, Aff. of J. Hall ¶ 21.) Merriweather and Chism repeated what they said during their preliminary interviews. (DE 77-6, Aff. of M. Scott ¶ 10.) Plaintiff again denied the allegations but later admitted he was "just playing around." (DE 77-1, Aff. of J. Hall ¶ 24.) The committee temporarily suspended Plaintiff and asked him to surrender his keys. (*Id*. ¶ 25.) Plaintiff, however, failed to comply, even after being asked three times. (*Id*. ¶¶ 25–27.)

The committee later found that Plaintiff violated three employment policies: sexual harassment of a co-worker, dishonesty during the investigation, and failure to return city-owned property. (*Id*. ¶¶ 28–29.) Plaintiff was discharged. (*Id*. ¶ 29.)

4

On July 14, 2009, Plaintiff asked to appeal his termination. (*Id.* ¶ 31.) His request was denied because the policy under which he sought to appeal had been revoked. (*Id.* ¶ 33.) On December 15, 2009, Plaintiff sued Defendant alleging it violated Title VII, 42 U.S.C. ¶ 1981, and the Due Process Clause of the Fourteenth Amendment. (DE 1, Compl.)

Plaintiff and Defendant both moved for summary judgment. (DE 59, Pl.'s Mot. for Summ. J.; DE 74; DE 76, Def.'s Mot. for Summ. J.) Defendant also moved to sanction Plaintiff for uncooperative behavior during discovery. (DE 74, Def.'s Mot. for Sanctions.)

**C.     Discussion**

**(1)    *Title VII and § 1981 Claims***

Plaintiff alleges that Defendant discriminated against him on the basis of his race and gender by treating black men more harshly than other employees and terminating him from his position. (DE 1, Compl.) Discrimination claims under Title VII and § 1981 are analyzed in the same manner. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403–04 (7th Cir. 2007). Thus, to avoid summary judgment on both claims, Plaintiff must establish that Defendant acted with a discriminatory motive. *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 860 (7th Cir. 2010). This can be accomplished directly or indirectly. *Id*. The "direct method" requires plaintiff to provide either "direct or circumstantial evidence that 'points directly to a discriminatory reason for the employer's action.'" *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 750 n.3 (7th Cir. 2006) (citing *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005)). Plaintiff has not alleged facts directly establishing a discriminatory motive.

Alternatively, discriminatory motive can be alleged indirectly pursuant to the burden-shifting procedure set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First

plaintiff must establish a prima facie case by showing "(1) [he] is a member of a protected class, (2) [his] job performance met [his employer's] legitimate expectations, (3) [he] suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff." *Burks*, 464 F.3d at 750–51. If a prima facie case is established, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its action. *Id*. at 751. If the defendant meets this burden, the burden shifts back to the plaintiff to show that the employer's justification is pretextual. *Id*.

Defendant argues that Plaintiff has failed to establish a prima facie case. (DE 77, Mem. in Supp. of Def.'s Mot. for Summ. J. & in Opp'n to Pl.'s Mot. for Summ. J. at 10.) Plaintiff never asserts that his job performance was meeting Defendant's legitimate expectations and he never alleges that other individuals received more favorable treatment. (*Id*.) Defendant's motion was accompanied by an affidavit from Janice Hall, the Director of Human Resources for the City of South Bend, contending the Plaintiff was not meeting the City's expectations. (DE 77-1, Aff. of J. Hall ¶ 2.) Hall stated that Plaintiff was discharged because he violated employment policies when he sexually harassed a co-worker, was dishonest during the investigation, and failed to return City-owned property when ordered to do so. (*Id*. ¶ 29; *see also* DE 77-3, Employee Disciplinary Notice (ordering Plaintiff's dismissal due to "sexual harassment, dishonesty during the investigation and failure to return city-owned property during the investigation after being ordered to do so")).

Furthermore, even if the investigating committee determined that Plaintiff did not violate the sexual harassment policy, Hall notes that he still would have been discharged for two reasons. (DE 77-1, Aff. of J. Hall ¶ 30.) First, Plaintiff would have accumulated too many violation points in a 60-day period. (*Id*. ¶ 30(a).) He already had two violation points stemming

6

from an incident on May 26, 2009, and would have accumulated two additional points on July 10, 2009, for disobeying a direct order from his supervisor. (*Id.*) Second, Plaintiff would have been terminated for failing to surrender his keys when ordered to do so three times. (*Id.* ¶ 30(b).) This violated a policy mandating termination of employees that disobey direct orders from their supervisors more than once. (*Id.*) Hall's affidavit was corroborated by Maurice Scott, Susan O'Connor, and Paul McMinn, who are all employees at the MLK Center and participated in the investigation of Merriweather's complaint. (*See* DE 77-6, Aff. of M. Scott ¶ 15 (noting that Plaintiff was discharged for violating Defendant's policies); DE 77-7, Aff. of S. O'Connor ¶ 15 (same); DE 77-8, Aff. of P. McMinn ¶ 15 (same)).

Plaintiff has not contested these facts and has not asserted any other facts to show that he was meeting Defendant's legitimate expectations. (*See* DE 86, Mot. to Strike & in Opp'n to Def.'s Mem in Supp. of Def.'s Mot. for Summ. J.) Additionally, Plaintiff alleged that black males receive "harsher" treatment, but he has not identified any similarly situated individuals who are not in the Plaintiff's protected class that were treated more favorably. Once Defendant moved for summary judgment, Plaintiff cannot simply rest on his pleadings.

In response, Plaintiff only argues that Defendant failed to disclose the information in its motion to Plaintiff, the information in the motion has not been verified, and the motion is "full of Hearsay and is Moot." (DE 86, Mot. to Strike & in Opp'n to Def.'s Mem in Supp. of Def.'s Mot. for Summ. J. at 2.) These arguments are misplaced and Defendant's motion for summary judgment is proper. Summary judgment is granted in favor of Defendant on the Title VII and § 1981 claims.

**(2)** *Fourteenth Amendment Procedural Due Process Claim*

Plaintiff also argues that Defendant violated his Fourteenth Amendment right to procedural due process by denying his request for an appeal and not allowing him to be present when the decision to terminate him was made. (DE 1, Compl. at 3.) When considering a procedural due process claim, the court applies a two-step inquiry: first, the court determines "whether the plaintiff has been deprived of a protected interest;" second, the court determines "what process is due." *Sonnleitner v. York*, 304 F.3d 704, 711 (7th Cir. 2002) (quoting *Townsend v. Vallas*, 256 F.3d 661, 673 (7th Cir. 2001)).

Defendant argues that Plaintiff had no protected property interest in further employment because he was an at-will employee. (DE 77, Mem. in Supp. of Def.'s Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J. at 11.) State law determines whether an employee has a protected property interest in further employment. *Moulton v. Vigo Cnty.*, 150 F.3d 801, 804 (7th Cir. 1998) (citing *Flynn v. Kornwolf*, 83 F.3d 924, 926 (7th Cir. 1996)). "Indiana follows the doctrine of employment at will, under which employment may be terminated by either party at will, with or without reason." *Baker v. Tremco Inc.*, 917 N.E.2d 650, 653 (Ind. 2009) (citing *Wior v. Anchor Indus., Inc.*, 669 N.E.2d 172, 175 (Ind. 1996)). Furthermore, Indiana courts apply a strong presumption in favor of at-will employment. *Id*. (citing *Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997)).

Plaintiff has not argued or produced any evidence suggesting that he has a protected property interest in further employment. Because Plaintiff was an at-will employee, the Court finds that he did not have a protected property interest in further employment. Summary judgment is granted.

D.     Conclusion

Defendant's Motion for Summary Judgment (DE 76) is GRANTED and Plaintiff's Motion for Summary Judgment (DE 59) is DENIED. Because Defendant is entitled to judgment as a matter of law, Defendant's motion for sanctions (DE 74) is DENIED as moot.

SO ORDERED on April 19, 2011.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE